IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| **CHLOE CECCHINI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:08-01392 |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**M E M O R A N D U M   O P I N I O N**

This is an action seeking review of the decision of the Commissioner of Social Security denying Plaintiff's application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 40 - 433, 1381-1383f. This case is presently pending before the Court on the Plaintiff's Motion to Reverse or Remand (Document No. 14.), the Defendant's Motion for Judgment on the Pleadings (Document No. 18.), the Plaintiff's Reply (Document No. 19.), and Defendant's Motion for Leave to File Sur-Reply. (Document No. 20.) Both parties have consented in writing to a decision by the United States Magistrate Judge. (Document Nos. 4 and 5.)

The Plaintiff, Chloe Cecchini (hereinafter referred to as "Claimant"), filed applications for DIB and SSI on February 24, 2005 (protective filing date), alleging disability as of December 31, 2001, due to a broken tail bone, back pain, and pain in her neck and shoulders. (Tr. at 24, 35, 45-47, 70, 328-30.) The claims were denied initially and upon reconsideration. (Tr. at 35-37, 42-44, 338-40, 344-46.) On November 26, 2005, Claimant requested a hearing before an Administrative Law Judge (ALJ). (Tr. at 41.) The hearing was held on July 25, 2006, before the Honorable Mark A. O'Hara.

(Tr. at 347-413.) By decision dated November 15, 2006, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 15-25.) The ALJ's decision became the final decision of the Commissioner on September 11, 2008, when the Appeals Council denied Claimant's request for review. (Tr. at 6-8.) On November 21, 2008, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g). (Document No. 2.)

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. §§ 404.1520, 416.920 (2006). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. §§ 404.1520(a), 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. §§ 404.1520(b), 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. §§ 404.1520(c), 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. §§ 404.1520(d), 416.920(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain

v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f) (2006). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she had not engaged in substantial gainful activity since the alleged onset date, December 31, 2001. (Tr. at 17, Finding No. 2.) Under the second inquiry, the ALJ found that Claimant suffered from "degenerative joint disease of the cervical and lumbosacral spine, as well as impingement subacromial bursitis of both shoulders, especially on the left," which were severe impairments. (Tr. at 17, Finding No. 3.) At the third inquiry, the ALJ concluded that Claimant's impairments did not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 21, Finding No. 4.) The ALJ then found that Claimant had a residual functional capacity for work at the light level of exertion, with the following limitations:

> [T]he claimant has the residual functional capacity to perform work at the light exertional level that requires lifting/carrying up to 20 pounds occasionally and 10 pounds frequently, standing/walking for about six hours in an 8-hour workday, sitting for about six hours in an 8-hour workday, occasional pushing/pulling with the upper extremities, only occasional overhead reaching, no climbing of ladders/ropes/scaffolds, and restricted so as to avoid concentrated exposure to workplace hazards (e.g., moving machinery, unprotected heights, etc.), extreme cold and vibration.

(Tr. at 21-22, Finding No. 5.) At step four, the ALJ found that Claimant could return to her past relevant work as "a sales associate (at discount retail stores); an auto parts worker in sales, shipping,

and packaging; an auto parts manager; and a manager at Walgreen's." (Tr. at 24, Finding No. 6.) On this basis, and on the basis of testimony of a Vocational Expert ("VE") taken at the administrative hearing, benefits were denied. (Tr. at 25, Finding No. 7.)

Scope of Review

The sole issue before this Court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In Blalock v. Richardson, substantial evidence was defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the Court, is charged with resolving conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the Courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is supported by substantial evidence.

Claimant's Background

Claimant was born on February 21, 1959, and was 47 years old at the time of the administrative hearing, July 25, 2006. (Tr. at 45, 353.) Claimant had a tenth grade education and a Generalized Equivalency Diploma. (Tr. at 78, 353.) In the past, she worked as a retail salesperson, steam presser, part salesperson, personal care aide, sewing machine operator, drill press operator,

manager of Walgreen's, and stock clerk.. (Tr. at 71-72, 80-91, 400-01.)

The Medical Record

The Court has reviewed all the evidence of record, including the medical evidence, and will summarize it below as it relates to Claimant's claims.

Claimant's Challenges to the Commissioner's Decision

Claimant alleges that the ALJ's decision is not supported by substantial evidence because the findings of the ALJ, based upon the testimony of the Vocational Expert ("VE"), are in conflict with the Dictionary of Occupational Titles ("DOT"). (Document No. 15 at 2-4.) Specifically, Claimant asserts that the VE testified as to the classification of Claimant's past relevant work, upon which the ALJ relied in finding that Claimant could perform her past relevant work. (Id.) Claimant contends however, that the VE's testimony respecting the exertional and skill levels of her past relevant work is inconsistent with the jobs as identified in the DOT and with the ALJ's assessed RFC. (Id.)

Specifically, Claimant contends that Claimant's past relevant work as a sales associate/attendant, which she identifies as DOT No. 299.677-010, requires frequent reaching which is inconsistent with the ALJ's RFC assessment of only occasional pushing/pulling with the upper extremities and only occasional overhead reaching. (Id. at 3.) Respecting the past relevant work as a manager, identified by Claimant as DOT No. 185.167-038, Claimant asserts that it also requires frequent reaching. (Id. at 4.) Finally, Claimant asserts that her past relevant work in shipping/receiving, identified by Claimant as DOT No. 222.367-042, requires frequent reaching and heavy exertion. (Id.)

The Commissioner asserts that the ALJ properly relied on the VE's testimony respecting

5

Claimant's past relevant work and the VE's response to Claimant's hypothetical question that included all limitations supported by the substantial evidence of record. (Document No. 18 at 18-19.) Nevertheless, to the extent that the ALJ may have erred in finding that Claimant could perform certain of her past relevant work, the Commissioner asserts that remand is not warranted because the ALJ also reached a decision at step five of the sequential analysis and found that Claimant could perform the additional jobs of assembler, general productions inspector, and hand packer. (Id. at 19.)

In Reply, Claimant points out that the Commissioner did not advance in his Brief any assertion contradicting Claimant's noted conflicts between the DOT, the ALJ's RFC, and Claimant's past relevant work. (Document No. 19 at 3.) Respecting the Commissioner's alternative argument, that the ALJ also reached a decision at step five of the sequential analysis, Claimant asserts that the assembler and hand packer jobs, DOT Nos. 723.684-014 and 920.587-018 respectively, require constant reaching. (Id. at 4.) She further asserts that the jobs of inspector (DOT No. 609.684-010), office clerk (DOT No. 209.562-010), receptionist (DOT No. 237.367-018), and information clerk (DOT No. 237.367-018), require frequent reaching. (Id.) Claimant further asserts that while the interviewer job requires occasional reaching, which was consistent with the ALJ's RFC, the job had a specific vocational preparation of level six, which made it more than unskilled and in conflict with the hypothetical question posed to the VE. (Id.)

The Commissioner filed a Sur-Reply, in which he asserts that Claimant's claims regarding the DOT are moot "because the ALJ was not required to consult or rely upon the DOT at step four of the sequential evaluation process." (Document No. 20 at 2.) Citing Pass v. Chater, 65 F.3d 1200, 1207 (4th a Cir. 1995), the Commissioner contends that once the ALJ determined that Claimant could perform her past relevant work as she performed it in the past, the ALJ was not required to consult

6

the DOT. (Id.) Accordingly, the Commissioner asserts that Claimant's argument that "her limitation of occasional overhead reaching precludes her return to her past work because the DOT description includes frequent reaching fails." (Id.)

Analysis.

In Pass v. Chater, 65 F.3d 1200, 1207 (4th Cir. 1995), as cited by the Commissioner, the ALJ determined that the claimant was able to perform his past relevant work as a security guard or gate guard. On appeal, the claimant argued that the job of gate guard as identified in the DOT, required an exertional level beyond his capacity. Id. The Fourth Circuit found the claimant's argument to be without merit and held that

> under the fourth step of the disability inquiry, a claimant will be found "not disabled" if he is capable of performing his past relevant work either as he performed it in the past or as it is generally required by employers in the national economy. SSR 82-61; see also Martin v. Sullivan, 901 F.2d 650, 653 (8th Cir. 1990) ("The two tests [in SSR 82-61] are clearly meant to be disjunctive. If the claimant is found to satisfy either test, then a finding of not disabled is appropriate."). There is no dispute that the gate guard position that Pass held was performed at a sedentary level of exertion, and Pass concedes that if his position still existed, he would be able to perform the job. Having found that Pass could perform his job as he did in the past, it is unnecessary to consult the DOT in order to determine whether Pass would be able to perform the position of gate guard as it currently exists in the national economy.

Id.

In the instant case, the ALJ determined that Claimant could perform her past relevant work as a sales associate; an auto parts worker in sales, shipping, and packaging; an auto parts manager; and a manager at Walgreen's, as generally performed in the national economy. (Tr. at 24-25.) He further found that Claimant could perform the same past relevant work, with the exception of the auto parts manager, as she actually performed them in the past. (Id.) The evidence of record is not clear as to the description of Claimant's past relevant work as actually perform with respect to

reaching. Nevertheless, the Court notes that in Claimant's Work History Report, she reported that the auto sales person job required her to reach only two out of eight hours per day. (Tr. at 81.) Such a requirement is consistent with the ALJ's assessed RFC. Claimant did not indicate the hours spent reaching with respect to her remaining past relevant work. Consequently, the Court finds pursuant to the decision in Pass, that because the ALJ found that Claimant could perform some of her past relevant work as she actually performed it, and because she performed her past relevant work as an auto sales person consistently within the reaching limitations assessed by the ALJ, the ALJ was not required to rely on vocational expert testimony at step four of the sequential analysis. Accordingly, the Court finds that the Claimant's arguments are without merit and that substantial evidence supports the ALJ's decision.

After a careful consideration of the evidence of record, the Court finds that the Commissioner's decision is supported by substantial evidence. Accordingly, by Judgment Order entered this day, the Plaintiff's Motion to Reverse or Remand (Document No. 14.) is **DENIED**, Defendant's Motion for Judgment on the Pleadings (Document No. 18.) is **GRANTED**, Defendant's Motion for Leave to File Sur-Reply (Document No. 20.) is **GRANTED**, the final decision of the Commissioner is **AFFIRMED**, and this matter is **DISMISSED** from the docket of this Court.

The Clerk of this Court is directed to send a copy of this Memorandum Opinion to counsel of record.

ENTER: March 31, 2010.

R. Clarke VanDervort
United States Magistrate Judge